# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 02-CR-117**

**HENRY GARCIA-URANZO**
   **Defendant.**

## ORDER

   On November 15, 2002, I sentenced defendant Henry Garcia-Uranzo to 77 months in prison on his guilty plea to unlawful re-entry after deportation. Defendant also faced state drug charges at the time, and on January 30, 2003, a Wisconsin circuit court judge sentenced him to a total of 10 years: 6 years initial confinement followed by 4 years extended supervision. Because the state sentence had not yet been imposed when defendant appeared before me, the federal judgment is silent as to whether the sentences are to run concurrent or consecutive. Apparently, defendant was retained in state custody after his sentencing in circuit court, served out the state sentence, and was then transferred to federal custody to complete the federal sentence.

   On August 14, 2009, defendant sent me a letter, indicating that his sentences should be running concurrent but were not. (R. 33.) On August 25, 2009, the special assistant united states attorney ("SAUSA") who handled defendant's state and federal cases responded, indicating that defendant was correct. He stated that while the state court judgments reflected that the state sentence was to be consecutive to the federal sentence, the transcript indicated that the sentencing judge wanted the sentences to be concurrent. He explained that the issue

had to be addressed in state rather than federal court, provided defendant with information on how to do that, and alerted the county clerk's office and state public defender to the issue. (R. 34.) On September 23, 2009, the SAUSA sent me a letter indicating that the error had been corrected, attaching a copy of the state court order amending the state judgments. (R. 35, 36.)

On October 8, 2009, defendant sent me a letter asking for credit towards his federal sentence for the time spent in state custody. (R. 37.) I responded on October 16, 2009, indicating that the Bureau of Prisons ("BOP") awards sentence credit, not the sentencing judge. (R. 38.) On October 21, 2009, defendant sent me another letter indicating that the BOP advised him that even though the amended state court judgment indicated that the sentences were to run concurrent, that was "not binding on the federal government. The federal sentence is still silent and must run consecutive to the state term. The only document that can change this is an amended order from the federal court, which recommends a concurrent federal sentence." (R. 39 at 2.) Defendant then filed a motion pursuant to the all writs act, 28 U.S.C. § 1651, asking that the federal judgment be amended to reflect concurrent sentences. (R. 40.)

The district court's authority to alter or amend a criminal judgment is strictly limited. See, e.g., Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). Defendant makes no allegation that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, which could bring his motion within the ambit of 28 U.S.C. § 2255. Nor does he allege a clerical error, which may be corrected at any time under Fed. R. Crim. P. 36. Indeed, he does

2

not allege that the federal judgment contains any error.[1]  Rather, defendant asks me to grant his request by exercising jurisdiction under the court's inherent powers or under § 1651.  I see no basis to do so.  See, e.g., Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002) (explaining that coram nobis and other common law writs may not be used to circumvent the limitations on altering judgments).  If defendant claims that the BOP is improperly executing his sentence, his remedy is to file an action under 28 U.S.C. § 2241 in the district of his confinement.  See, e.g., Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998).

Nevertheless, it does appear that an injustice is occurring here, one ostensibly within the power of the BOP to correct.  Although I may lack jurisdiction to amend defendant's judgment, I see no impediment to writing the BOP and recommending that it exercise its discretion under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) to make a nunc pro tunc designation in order to give effect to the state court's order for concurrent sentences.  I would also advise the BOP that concurrent sentences and a nunc pro tunc designation would be consistent with my sentencing intent.  See Program Statement 5160.05.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 40) is dismissed.  I will, absent receipt of some objection from the government within the next five days, write the BOP as indicated above.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] I did not order the federal sentence run concurrent with defendant's state sentences; nor could I have; a judge cannot make his sentence concurrent to a nonexistent sentence that some other tribunal may impose later.  Romandine, 206 F.3d at 737-38.

3